

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------x
REYNOLD B. SILAS,                           Index No.:

                           Plaintiff,     Date Purchased:

              -against-             SUMMONS

THE CITY OF NEW YORK;
THE NEW YORK CITY POLICE DEPARTMENT;
DETECTIVE "JOHN DOE" (SHIELD #UNKNOWN)
Individually and in his Official Capacity;
THE CITY OF YONKERS;
THE CITY OF YONKERS POLICE DEPARTMENT;
DETECTIVE CAVE OF THE CITY OF YONKERS
POLICE DEPARTMENT (SHIELD #UNKNOWN)
Individually and in his Official Capacity;
THE HOME DEPOT, INC. D/B/A HOME DEPOT; and
HOME DEPOT U.S.A., INC. D/B/A HOME DEPOT,
------------------------------------------------------------x

**To the Above-Named Defendants:**

    **YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and to serve a copy of your answer, or, if the Verified Complaint is not served with this Summons, to serve a Notice of Appearance, on the plaintiff or plaintiff's attorney(s), within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete, if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

    Plaintiff designates Kings County as the place of trial.

    The basis of the venue is the Plaintiff's residence.

SUMMONS REYNOLD B. SILAS VS. THE CITY OF NEW YORK, ET AL.,

Plaintiff resides at 1295 Park Place, Brooklyn, New York 11213. Dated this 31st day of October, 2018.

Dated: Queens, New York
October 31, 2018

*[signature]*

LAW OFFICE OF FARID AHMED
Attorney for Plaintiff
REYNOLD B. SILAS
37-66 72nd Street, 3rd Floor
Jackson Heights, NY 11372
Tel: (718) 928-9991
Fax: (718) 764-4327

**DEFENDANTS' ADDRESS(ES):**

THE NEW YORK CITY POLICE DEPARTMENT
Defendant
THE COMPTROLLER OF THE CITY OF NEW YORK
One Centre Street, Room 1225
New York, NY 10007

DETECTIVE "JOHN DOE" (SHIELD #UNKNOWN)
Individually and in his Official Capacity
Defendant
THE COMPTROLLER OF THE CITY OF NEW YORK
One Centre Street, Room 1225
New York, NY 10007

THE CITY OF YONKERS POLICE DEPARTMENT
Defendant
THE CORPORATION COUNSEL
THE CITY OF YONKERS
40 South Broadway
Yonkers, New York 10701

DETECTIVE CAVE OF THE CITY OF YONKERS POLICE DEPARTMENT
(SHIELD #UNKNOWN) Individually and in his Official Capacity
Defendant
THE CORPORATION COUNSEL
THE CITY OF YONKERS
40 South Broadway
Yonkers, New York 10701

THE HOME DEPOT, INC. D/B/A HOME DEPOT
Defendant

SUMMONS REYNOLD B. SILAS VS. THE CITY OF NEW YORK, ET AL.,

| | |
|---|---|
| 1 | 2455 Paces Ferry Road, NW |
| 2 | Atlanta, GA 30339 |
| 3 | HOME DEPOT U.S.A., INC. D/B/A HOME DEPOT |
|   | Defendant |
| 4 | 601 South Sprain Road |
| 5 | Yonkers, New York 10710. |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

SUMMONS REYNOLD B. SILAS VS. THE CITY OF NEW YORK, ET AL.,

# VERIFICATION

STATE OF NEW YORK )
                  : .ss.:
COUNTY OF QUEENS )

I, the undersigned, being duly sworn, deposes and say: I am the Plaintiff in the action; I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; and the same is true to my own knowledge. The grounds of my belief as to all matters not stated upon my knowledge are as follows: BOOKS, RECORD AND DOCUMENTS.

_____
REYNOLD B. SILAS

Sworn to before me on the
31st day of October, 2018

_____
NOTARY PUBLIC

CHANDRA WHALEN
Notary Public, State of New York
No. 02WH6263545
Qualified in New York County
Commission Expires August 10, 2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x
REYNOLD B. SILAS,                                Index No.:

                        Plaintiff,               Date Purchased:

        -against-                                **VERIFIED COMPLAINT**

THE CITY OF NEW YORK;
THE NEW YORK CITY POLICE DEPARTMENT;
DETECTIVE "JOHN DOE" (SHIELD #UNKNOWN)
Individually and in his Official Capacity;
THE CITY OF YONKERS;
THE CITY OF YONKERS POLICE DEPARTMENT;
DETECTIVE CAVE OF THE CITY OF YONKERS
POLICE DEPARTMENT (SHIELD #UNKNOWN)
Individually and in his Official Capacity;
THE HOME DEPOT, INC. D/B/A HOME DEPOT; and
HOME DEPOT U.S.A., INC. D/B/A HOME DEPOT,
-------------------------------------------------------------------x

Plaintiff REYNOLD B. SILAS, ("Plaintiff") by and through his attorney, Farid Ahmed, Esq., as and for his Complaint, alleges upon knowledge, information and/or belief as follows:

**PRELIMINARY STATEMENT AND FACTUAL ALLEGATION**

1. This is a civil action seeking monetary relief against Defendants THE CITY OF NEW YORK; THE NEW YORK CITY POLICE DEPARTMENT; DETECTIVE "JOHN DOE" (SHIELD #UNKNOWN) Individually and in his Official Capacity; THE CITY OF YONKERS; THE CITY OF YONKERS POLICE DEPARTMENT; DETECTIVE CAVE OF THE CITY OF YONKERS POLICE DEPARTMENT (SHIELD #UNKNOWN) Individually and in his Official Capacity; THE HOME DEPOT, INC. D/B/A HOME DEPOT; and HOME DEPOT U.S.A., INC., for committing acts of false arrest, false imprisonment, negligent detention, excessive detention, negligent infliction of emotional distress, intentional infliction of emotional distress, battery, menacing, harassment, excessive force, police brutality, negligent

VERIFIED COMPLAINT REYNOLD B. SILAS VS. THE CITY OF NEW YORK, ET AL.,

hiring/training/retention, negligence, gross negligence, reckless disregard, abuse of process, municipal liability, malicious prosecution, violation of rights protected under the United States Constitution, violation of rights protected under the Constitution of the State of New York, violation of civil rights under 42 USC Section 1983.

2. Specifically, Plaintiff alleges that Defendants (collectively and individually) wrongfully deprived him of his constitutional rights and committed acts of false arrest, false imprisonment, negligent detention, excessive detention, negligent infliction of emotional distress, intentional infliction of emotional distress, battery, menacing, harassment, excessive force, police brutality, negligent hiring/training/retention, negligence, gross negligence, reckless disregard, abuse of process, municipal liability, malicious prosecution, violation of rights protected under the United States Constitution, violation of rights protected under the Constitution of the State of New York, violation of civil rights under 42 USC Section 1983.

3. The items of damage or injuries Plaintiff REYNOLD B. SILAS suffered are:

Plaintiff REYNOLD B. SILAS suffered pain, suffering, physical injury, loss of earnings, loss of enjoyment of life, loss of freedom, emotional distress, mental anguish, shame, humiliation, indignity, damage to reputation, and incurred monetary costs and other damages. Claim exceeds $10,000,000.00 in damages, including, but not necessarily limited to, compensatory damages, punitive damages, general damages, special damages, damages under 42 U.S.C Section 1983, and attorney fees. The Plaintiff also seeks permanent injunctive relief against the respondents related to their conduct.

**JURISDICTION AND VENUE**

VERIFIED COMPLAINT REYNOLD B. SILAS VS. THE CITY OF NEW YORK, ET AL..

4. Plaintiff REYNOLD B. SILAS is a forty-two (42) year old male citizen of the United States who is a lifelong resident of Brooklyn, New York, and therefore, Kings County is the proper venue and this Court has jurisdiction over this action.

## PARTIES

5. At all times hereinafter mentioned, defendant, THE CITY OF NEW YORK (the "City"), was and is a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

6. At all times hereinafter mentioned, defendants, THE NEW YORK CITY POLICE DEPARTMENT, (the "NYPD"), is a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

7. The Defendant DETECTIVE "JOHN DOE" (SHIELD #UNKNOWN) Individually and in his Official Capacity, is an individual and his identity is presently unknown and will be revealed during the course of discovery and he is being sued under a fictious name in order to preserve the statute of limitations.

8. The Defendant, THE CITY OF YONKERS POLICE DEPARTMENT, (the "YONKER POLICE"), is a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

9. The Defendant DETECTIVE CAVE OF THE CITY OF YONKERS POLICE DEPARTMENT (SHIELD #UNKNOWN) Individually and in his Official Capacity, is an individual and his identity is presently unknown and will be revealed during the course of discovery and he is being sued under a fictious name in order to preserve the statute of limitations.

VERIFIED COMPLAINT REYNOLD B. SILAS VS. THE CITY OF NEW YORK, ET AL.,

10. The Defendant, THE HOME DEPOT, INC. D/B/A HOME DEPOT is a foreign corporation, with a headquarter at 2455 Paces Ferry Road, NW, Atlanta, GA 30339, and upon information and belief, is authorized to do business in the State of New York, and is operating HOME DEPOT store at 601 South Sprain Road, Yonkers, New York 10710.

11. The Defendant, HOME DEPOT U.S.A., INC. D/B/A HOME DEPOT is a foreign business Delaware corporation, authorized to do business in the State of New York, and operates a HOME DEPOT store at 601 South Sprain Road, Yonkers, New York 10710.

12. At all times hereinafter mentioned, THE CITY OF NEW YORK and THE CITY OF YONKERS maintained a police department.

13. A Notice of Claim was served upon THE CITY OF NEW YORK; THE CITY OF YONKERS; THE NEW YORK CITY POLICE DEPARTMENT; and THE CITY OF YONKERS, on May 3, 2018, by certified mail, return receipt requested, within 90 days of the occurrence and/or accrual of the causes of action.

14. More than 30 days have elapsed since presentation of the claim, and THE CITY OF NEW YORK; THE CITY OF YONKERS; THE NEW YORK CITY POLICE DEPARTMENT; and THE CITY OF YONKERS, have failed to adjust and/or dispose of the claim presented therein.

15. This action is commenced within one year and 90 days of the date of the incident and/or accrual of the cause of action.

16. The limitations on liability set forth in CPLR 1601 do not apply to this action.

17. The limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

VERIFIED COMPLAINT REYNOLD B. SILAS VS. THE CITY OF NEW YORK, ET AL.,

FILED: KINGS COUNTY CLERK 11/01/2018 06:57 PM                                INDEX NO. 522086/2018
NYSCEF DOC. NO. 1                                                            RECEIVED NYSCEF: 11/02/2018

## FIRST CAUSE OF ACTION

18. Plaintiff REYNOLD B. SILAS, went to the Defendants', THE HOME DEPOT, INC. D/B/A HOME DEPOT; and HOME DEPOT U.S.A., INC. D/B/A HOME DEPOT, store known and located at HOME DEPOT, 601 South Sprain Road, Yonkers, New York 10710, for purchasing electrical materials. Thereafter, upon the complaint of the manager and/or supervisor and/or other employee of the Defendants, THE HOME DEPOT, INC. D/B/A HOME DEPOT; and HOME DEPOT U.S.A., INC. D/B/A HOME DEPOT, whose identity will be revealed during the discovery process, called THE CITY OF YONKERS POLICE DEPARMENT, accusing Plaintiff of identity theft. Plaintiff was arrested around December 23, 2015. At that time the Plaintiff was kept at the precinct and was released after 1 hour.

19. The Defendant CITY OF YONKERS POLICE DEPARTMENT called the Plaintiff months later and informed him that the Defendant THE CITY OF YONKERS POLICE DEPARTMENT intent to issue a warrant of his arrest, but nobody came to arrest the Plaintiff REYNOLD B. SILAS.

20. That on July 18, 2017 Plaintiff REYNOLD B. SILAS was pulled over by the Defendant, THE NEW YORK CITY POLICE DEPARTMENT in Kings County, Borough of Brooklyn and he was accused of failure to signal while changing lanes. At that time Plaintiff was informed of a warrant of his arrest in Yonkers. Thereafter, the Plaintiff was processed by THE NEW YORK CITY POLICE DEPARTMENT through the Central Booking in the Borough of Brooklyn. Plaintiff REYNOLD B. SILAS was charged with "driving with a suspended license" and he plead guilty and paid a $75 fine and $85 surcharge. One hour later, THE NEW YORK CITY POLICE DEPARTMENT came and picked him up. Plaintiff

VERIFIED COMPLAINT REYNOLD B. SILAS VS. THE CITY OF NEW YORK, ET AL.,

FILED: KINGS COUNTY CLERK 11/01/2018 06:57 PM   INDEX NO. 522086/2018
NYSCEF DOC. NO. 1                                RECEIVED NYSCEF: 11/02/2018

REYNOLD B. SILAS was incarcerated and was accused of identity theft, opening a credit card in one "Michael Hazan" name and stealing $8,000. Plaintiff REYNOLD B. SILAS was later released on $50,000 bail.

21. While in prison, Plaintiff REYNOLD B. SILAS was put in solitary confinement for one week after he was incorrectly diagnosed with tuberculosis. Further, for about one week, the Plaintiff REYNOLD B. SILAS was not allowed to make a phone call to his family.

22. The charges leveled against the Plaintiff REYNOLD B. SILAS were New York Penal Law Section 190.80 (D Felony), under Yonkers City Docket Number #16-1552-S. These charges were ultimately dismissed on February 5, 2018, by the Hon. Edward J. Gaffney, Judge of the Yonkers City Court. The seriousness of the charges caused the Plaintiff's REYNOLD B. SILAS family to expend approximately $3,260.00 for bail premium and other costs associated with it.

23. Alleged violations as a result are, negligent detention, excessive detention, negligent infliction of emotional distress, intentional infliction of emotional distress, menacing, harassment, police brutality, negligent hiring/training/retention, negligence, gross negligence, reckless disregard, abuse of process, municipal liability, violation of rights protected under the United States Constitution, violation of rights protected under the Constitution of the State of New York, violation of civil rights under 42 USC Section 1983.

24. That as a result of the foregoing, the Plaintiff REYNOLD B. SILAS suffered pain, suffering, physical injury, loss of earnings, loss of enjoyment of life, loss of freedom, emotional

VERIFIED COMPLAINT REYNOLD B. SILAS VS. THE CITY OF NEW YORK, ET AL.,

distress, mental anguish, shame, humiliation, indignity, damage to reputation, and incurred monetary costs and other damages. Claim exceeds $10,000,000.00 in damages, including, but not necessarily limited to, compensatory damages, punitive damages, general damages, special damages, damages under 42 U.S.C Section 1983, and attorney fees. Plaintiff also seeks permanent injunctive relief against the respondents related to their conduct.

### SECOND CAUSE OF ACTION

25. Plaintiff repeats, reiterates and re-alleges the allegations contained in paragraphs 1 through 24 herein as if more fully set forth at length.

26. Plaintiff REYNOLD B. SILAS was, without cause or provocation, falsely arrested and prosecuted upon the complaint of the defendants: THE CITY OF NEW YORK; THE NEW YORK CITY POLICE DEPARTMENT; DETECTIVE "JOHN DOE" (SHIELD #UNKNOWN) Individually and in his Official Capacity; THE CITY OF YONKERS; THE CITY OF YONKERS POLICE DEPARTMENT; DETECTIVE CAVE OF THE CITY OF YONKERS POLICE DEPARTMENT (SHIELD #UNKNOWN) Individually and in his Official Capacity; THE HOME DEPOT, INC. D/B/A HOME DEPOT; and HOME DEPOT U.S.A., INC.

27. As a result of the foregoing, plaintiff REYNOLD B. SILAS sustained other consequential damages.

28. As a result of the foregoing, Plaintiff REYNOLD B. SILAS has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

VERIFIED COMPLAINT REYNOLD B. SILAS VS. THE CITY OF NEW YORK, ET AL.,

## THIRD CAUSE OF ACTION

29. Plaintiff repeats, reiterates and re-alleges the allegations contained in paragraphs 1 through 28 herein as if more fully set forth at length.

30. The aforementioned occurrence took place by reason of the negligence of the Defendants THE CITY OF NEW YORK; THE NEW YORK CITY POLICE DEPARTMENT; DETECTIVE "JOHN DOE" (SHIELD #UNKNOWN) Individually and in his Official Capacity; THE CITY OF YONKERS; THE CITY OF YONKERS POLICE DEPARTMENT; DETECTIVE CAVE OF THE CITY OF YONKERS POLICE DEPARTMENT (SHIELD #UNKNOWN) Individually and in his Official Capacity; THE HOME DEPOT, INC. D/B/A HOME DEPOT; and HOME DEPOT U.S.A., INC., and their agents, servants and/or employees, including the police officers whose identity at present is not known to the Plaintiff.

31. As a result of the foregoing, plaintiff REYNOLD B. SILAS sustained other consequential damages.

32. As a result of the foregoing, plaintiff REYNOLD B. SILAS was damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

## FOURTH CAUSE OF ACTION

33. Plaintiff repeats, reiterates and re-alleges the allegations contained in paragraphs 1 through 32 herein as if more fully set forth at length.

34. The Defendants, THE CITY OF NEW YORK; THE NEW YORK CITY POLICE DEPARTMENT; DETECTIVE "JOHN DOE" (SHIELD #UNKNOWN) Individually

VERIFIED COMPLAINT REYNOLD B. SILAS VS. THE CITY OF NEW YORK, ET AL.,

FILED: KINGS COUNTY CLERK 11/01/2018 06:57 PM INDEX NO. 522086/2018
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 11/02/2018

and in his Official Capacity; THE CITY OF YONKERS; THE CITY OF YONKERS POLICE DEPARTMENT; DETECTIVE CAVE OF THE CITY OF YONKERS POLICE DEPARTMENT (SHIELD #UNKNOWN) Individually and in his Official Capacity; THE HOME DEPOT, INC. D/B/A HOME DEPOT; and HOME DEPOT U.S.A., INC., City maliciously prosecuted criminal charges against plaintiff REYNOLD B. SILAS.

35. As a result of the foregoing, plaintiff REYNOLD B. SILAS other consequential damages.

36. As a result of the foregoing, plaintiff REYNOLD B. SILAS has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

## FIFTH CAUSE OF ACTION

37. Plaintiff repeats, reiterates and re-alleges the allegations contained in paragraphs 1 through 36 herein as if more fully set forth at length.

38. The aforementioned occurrence constituted an invasion of the privacy of plaintiff REYNOLD B. SILAS.

39. As a result of the foregoing, plaintiff REYNOLD B. SILAS sustained other consequential damages.

40. As a result of the foregoing, plaintiff REYNOLD B. SILAS has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

## SIXTH CAUSE OF ACTION

VERIFIED COMPLAINT REYNOLD B. SILAS VS. THE CITY OF NEW YORK, ET AL.,

41. Plaintiff repeats, reiterates and re-alleges the allegations contained in paragraphs 1 through 29 herein as if more fully set forth at length.

42. As a result of the aforementioned occurrence, plaintiff REYNOLD B. SILAS was deprived of his civil rights under the Constitution of the State of New York and the Constitution of the United States, as well as other State ordinances statutes, codes and rules, including 42 U.S.C.A. §§ 1981, 1983, 1985 and 28 U.S.C.A. § 1343.

43. As a result of the foregoing, plaintiff REYNOLD B. SILAS sustained consequential damages.

44. As a result of the foregoing, plaintiff REYNOLD B. SILAS has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought herein.

## SEVENTH CAUSE OF ACTION

45. Plaintiff repeats, reiterates and re-alleges the allegations contained in paragraphs 1 through 29 herein as if more fully set forth at length.

46. As a result, the Plaintiff was arrested and prosecuted.

47. That on or about December 23, 2015, the Defendants THE HOME DEPOT, INC. D/B/A HOME DEPOT; and HOME DEPOT U.S.A., INC., and its agents and employees, managing and operating HOME DEPOT store at 601 South Sprain Road, Yonkers, New York 10710, made a complaint with the Yonkers Police Department charging the Plaintiff, REYNOLD B. SILAS, willfully and maliciously and unlawfully accusing Plaintiff of stealing identity and he was arrested around December 23, 2015.

VERIFIED COMPLAINT REYNOLD B. SILAS VS. THE CITY OF NEW YORK, ET AL.,

48. The charges leveled against the Plaintiff REYNOLD B. SILAS were New York Penal Law Section 190.80 (D Felony), under Yonkers City Docket Number #16-1552-S. These charges were ultimately dismissed on February 5, 2018, by the Hon. Edward J. Gaffney, Judge of the Yonkers City Court.

49. That each of the Defendants was wrongful, malicious and designed to embarrass and damage Plaintiff.

50. Plaintiff suffered extreme mental and emotional anguish as a result of the Defendants' wrongful actions. In addition, the Plaintiff suffered loss of wages as a result of Defendants' deliberate and malicious conduct.

51. Plaintiff suffered harm to his reputation, humiliation, embarrassment, mental anguish, etc., by being arrested and incarcerated on the false charge brought by the complaint of the Defendants, THE HOME DEPOT, INC. D/B/A HOME DEPOT; and HOME DEPOT U.S.A., INC., and its agents and employees, managing and operating HOME DEPOT store at 601 South Sprain Road, Yonkers, New York 10710.

52. Plaintiff would show that action of Defendants herein reflects a malicious, intentional, willful, reckless disregarded of the rights of Plaintiff herein and warrant an award of punitive damages to Plaintiff.

53. Plaintiff would show intentional acts of Defendants constitute malicious prosecution, false imprisonment, false arrest, intentional infliction of emotional distress and libel and slander and the Plaintiff is entitled to judgment in his favor and against the Defendant for

VERIFIED COMPLAINT REYNOLD B. SILAS VS. THE CITY OF NEW YORK, ET AL.,

compensatory and punitive damages.

WHEREFORE, plaintiffs demand judgment against defendants, THE CITY OF NEW YORK; THE NEW YORK CITY POLICE DEPARTMENT; DETECTIVE "JOHN DOE" (SHIELD #UNKNOWN) Individually and in his Official Capacity; THE CITY OF YONKERS; THE CITY OF YONKERS POLICE DEPARTMENT; DETECTIVE CAVE OF THE CITY OF YONKERS POLICE DEPARTMENT (SHIELD #UNKNOWN) Individually and in his Official Capacity; THE HOME DEPOT, INC. D/B/A HOME DEPOT; and HOME DEPOT U.S.A., INC., on each of the aforementioned Causes of Action in an amount in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought, as follows:

a) Compensatory damages;

b) Punitive damages;

c) Award costs of this action including attorneys' fees to the Plaintiff;

d) Any such other and further relief as this Court may deem appropriate.

together with the costs and disbursements of this action.

Dated: Queens, New York
October 31, 2018

LAW OFFICE OF FARID AHMED
Attorney for Plaintiff
REYNOLD B. SILAS
37-66 72nd Street, 3rd Floor
Jackson Heights, NY 11372
Tel: (718) 928-9991
Fax: (718) 764-4327

VERIFIED COMPLAINT REYNOLD B. SILAS VS. THE CITY OF NEW YORK, ET AL.,

Index Number:

Date Purchased/Filed:

# SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

REYNOLD B. SILAS,

                                                   Plaintiff(s),

- against -

THE CITY OF NEW YORK;
THE NEW YORK CITY POLICE DEPARTMENT;
DETECTIVE "JOHN DOE" (SHIELD #UNKNOWN)
Individually and in his Official Capacity;
THE CITY OF YONKERS;
THE CITY OF YONKERS POLICE DEPARTMENT;
DETECTIVE CAVE OF THE CITY OF YONKERS
POLICE DEPARTMENT (SHIELD #UNKNOWN)
Individually and in his Official Capacity;
THE HOME DEPOT, INC. D/B/A HOME DEPOT; and
HOME DEPOT U.S.A., INC. D/B/A HOME DEPOT,

                                                   Defendants.

## SUMMONS AND VERIFIED COMPLAINT

*LAW OFFICE OF FARID AHMED*
**Attorney for Plaintiff**
REYNOLD B. SILAS
37-66 72nd Street, 3rd Floor
Jackson Heights, NY 11372
Tel: (718) 928-9991
Fax: (718) 764-4327

Certification pursuant to Section 130-1.1(a) of the Rules of the Chief Administrator of the Courts.

_____
FARID AHMED, ESQ.